IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER WILEY BROWN, ) | |
| ) | |
| Petitioner, ) | Case No. 2:20-1895 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| SUPERINTENDENT OF SCI-SOMERSET, ) | |
| et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**[1]

For the reasons below, the Court will dismiss this case with prejudice for failure to prosecute.

**I.     Relevant Background**

Petitioner, Christopher Wiley Brown, is proceeding *pro se* in this habeas action. He commenced this case in 2020 by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF 1.) In the Petition, Brown challenges the judgment of sentence imposed on him by the Court of Common Pleas of Fayette County at CP-26-CR-542-2016 on convictions of kidnapping, indecent assault, false imprisonment, and corruption of minors.[2]

When Brown filed the Petition, he was in the custody of the Pennsylvania Department of Corrections ("DOC") and housed at SCI Somerset. Brown was also still challenging the validity of his convictions in state court in a petition for collateral relief that he filed under Pennsylvania's Post Conviction Relief Act ("PCRA"). Because Brown was still exhausting his available state

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Thus, the undersigned has the authority to decide dispositive motions and enter final judgment.

[2] The state court sentenced Brown to an aggregate term of three to eight years of imprisonment on his convictions.

court remedies, the Court entered an order in January 2021 that stayed this federal habeas case. (ECF 8.) The Court instructed that "within 30 days after the completion of the state-court PCRA proceeding, including any appeals, [Brown] shall notify this Court of the outcome of that proceeding. In the event that he does not receive the relief he seeks in state court, this Court will reopen this case and issue the appropriate scheduling order." (*Id.*)

In this same order, the Court directed the United States Marshal to serve the Petition upon Respondents. The Court explained that no answer was due from Respondents until after Brown's PCRA proceeding concluded and the stay here was lifted. (*Id.*)

The Court takes judicial notice of the information contained on the relevant state court docket sheets for Brown's criminal case, which are available online at https://www.pacourts.us (last visited 10/19/23). They show that the Common Pleas Court denied Brown's PCRA petition and that in May 2022 the Superior Court of Pennsylvania affirmed that decision. *Commonwealth v. Brown*, 279 A.3d 1283 (Pa. Super. Ct. May 25, 2022). Brown had 30 days to petition for allowance of appeal with the Supreme Court of Pennsylvania. Pa.R.A.P. 1113(a). He did not do so. Thus, Brown's PCRA proceeding concluded around June 24, 2022, when the 30-day time period for him to petition for allowance of appeal expired.

Brown did not notify this Court that his PCRA proceeding concluded. In fact, Brown has not communicated with the Court in any manner since February 2021. (*See* ECF 11.) That is likely because Brown has been released from imprisonment. The state court docket sheet for his criminal case indicates that as of April 22, 2022 his "penalty [was] satisfied." Additionally, the DOC's

inmate locator, which is available online at https://inmatelocator.cor.pa.gov (lasted visited 10/19/23) does not list Brown as being housed at any of its facilities.[3]

On September 6, 2023, the Court issued an order directing that Brown must file a notice with the Court by September 20, 2023 advising if he is still interested in pursuing federal habeas relief. The Court explained that Brown's failure to comply with the order would be construed as indicating his decision not to prosecute this case. (ECF 13.)

The Court mailed this order to Brown at his address of record, which he has not updated and which is still listed as SCI Somerset.[4] On September 18, 2023, the envelope containing the order was returned to the Court because Brown had been released from custody and the facility could not forward it to him. (ECF 14.)

Thus, Brown has not communicated with the Court since February 2021. Nor has he complied with the Court's prior orders directing that he notify the Court when his PCRA proceeding concluded and that he must keep his address of record current. It therefore appears that Brown has abandoned his prosecution of this case.

---

[3] Because Brown was in custody on the date he filed the Petition, the Court maintains subject matter jurisdiction even after he is released. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 6-7 (1998) (the petitioner was in custody at the time the petition was filed, "which is all the 'in custody' provision of 28 U.S.C. § 2254 requires.") Moreover, since Brown is challenging the validity of felony convictions, the Petition will not necessarily become moot upon his release. *Id.* at 7-8 ("Once the convict's sentence has expired...some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained. In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur).") (internal citations omitted).

[4] The Court previously advised Brown that it was his obligation to keep the Court informed of his current address. (ECF 2.)

**II.     Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and under this Rule, a district court can dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order. *See, e.g.*, *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994). In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted).

There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). None of the *Poulis* factors are dispositive and not all of them need to weigh in favor of dismissal before dismissal is warranted. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Rather, the Court must "properly consider and balance" each of the six factors based on the record. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868). It must also analyze the factors in light of the "strong policy favoring decisions on the merits." *Id.*

The first and fourth *Poulis* factors—the extent of Brown's personal responsibility and whether his conduct is willful—each weigh heavily in favor of dismissal. Brown is proceeding *pro se* and is solely responsible for his own conduct. *See, e.g.*, *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Winston v. Lindsey*, No. 1:09-cv-224, 2011 WL 6000991, *2 (W.D. Pa.

4

Nov. 30, 2011). He did not notify the Court when his PCRA proceeding concluded and he has failed to provide the Court with a current and deliverable address. He has not communicated with the Court in any manner since February 2021. Under the circumstances, the Court must conclude that Brown's decision not to provide the Court with a deliverable address, communicate with the Court or comply with Court orders is intentional. *See, e.g.*, *Quadr v. Overmyer*, 642 F. App'x 100, 103 (3d Cir. 2016) (the district court correctly concluded that the plaintiff's actions were willful when he would not accept mail from the court, failed to respond to a motion to dismiss, and repeatedly missed deadlines).

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 874 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). Although this factor does not weigh heavily in favor of dismissal at this time, it is not neutral either. Brown's repeated failure to communicate with the Court and comply with the Court's orders frustrates and delays resolution of his claims. *See, e.g.*, *Mack v. United States*, No. 3:17-cv-1982, 2019 WL 1302626, *1 (M.D. Pa. Mar. 21, 2019) (plaintiff's continued failure to communicate with the district court and inaction "clearly prejudices the Defendants who seek a timely resolution of the case.") Thus, the second *Poulis* factor weighs at least slightly in favor of dismissal.

The third *Poulis* factor considers whether there is a history of dilatoriness. "[E]xtensive or repeated delay or delinquency constitutes a history of dilatoriness[.]" *Adams*, 29 F.3d at 874. "A party's problematic acts must be evaluated in light of its behavior over the life of the case[,]" *id.* at 875 and, typically, "conduct that occurs one or two times is insufficient to demonstrate a 'history

5

of dilatoriness.'" *Briscoe*, 538 F.3d at 261 (citing *Scarborough*, 747 F.2d at 875, and *Donnelly v. Johns-Manvill Sales Corp.*, 677 F.2d 339, 343 (3d Cir. 1982)). Brown has repeatedly failed to comply with Court-ordered deadlines and has not communicated with the Court since February 2021. For these reasons, the third *Poulis* factor weighs in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions other than dismissal. Under the circumstances presented here, in which Brown does not comply with Court orders, no longer communicates with the Court and appears to have abandoned the litigation, alternative sanctions would not be effective. *Bowie v. Perry*, No. 1:19-cv-13, 2019 WL 2412488, *2 (W.D. Pa. May 13, 2019) ("alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court."), report and recommendation adopted by 2019 WL 2410796 (W.D. Pa. July 7, 2019). As such, this factor weights in favor of dismissal.

When evaluating the sixth *Poulis* factor, the Court must consider the potential merits of Brown's claims. When the Court stayed this case, the only pleading that had been filed at that point was the Petition. Neither the answer nor the state court record was due from Respondents until after the completion of Brown's PCRA proceeding and the stay in this case was lifted. Without an answer and the relevant state court record, the Court cannot evaluate the potential merits of Brown's habeas claims and, therefore, this final *Poulis* factor does not weigh in favor of dismissal. However, as set forth above, none of the *Poulis* factors are dispositive and not all of them need to be met for a district court to find that dismissal is warranted.

### III.     Conclusion

In conclusion, at least five of the six *Poulis* factors weigh in favor of dismissal. The Court cannot properly control its docket, move this action forward, and properly protect the rights of all parties, if Brown fails to comply with Court orders and stops communicating with the Court

altogether. He has consistently done all of those things. Therefore, the Court will dismiss this habeas action with prejudice for failure to prosecute and close this case.

    An appropriate Order follows.

October 19, 2023                              BY THE COURT:

                                                s/Patricia L. Dodge
                                                PATRICIA L. DODGE
                                                United States Magistrate Judge